[Civ. No. 1031. First Appellate District.—December 4, 1912.]

ROYAL INSURANCE COMPANY OF LIVERPOOL, ENGLAND (a Corporation), Respondent, v. CALEDONIAN INSURANCE COMPANY OF EDINBURGH, SCOTLAND (a Corporation), Appellant.

FIRE INSURANCE — REINSURANCE — COMPLAINT TO ADJUST LOSS PRO RATA—DEFENSE — FALL OF BUILDING FROM CAUSE OTHER THAN FIRE.—Where the complaint upon a policy of reinsurance upon machinery, fixtures, and goods in a designated building, attached copies of the original policy and that of reinsurance, and sought an adjustment of the loss *pro rata,* as provided in the policy sued upon; but both policies provided that "if a building or any part thereof fall, except as a result of fire, all insurance by this policy on such building or its contents shall immediately cease," it is held that, notwithstanding such *pro rata* provision, the defense may be set up that before the fire, a material and substantial part of said building had fallen from a cause other than fire, and that said building had fallen within the meaning of the policies, and that a general demurrer to said defense was improperly sustained.

ID.—LIABILITY OF REINSURER DEPENDENT UPON TERMS OF CONTRACT.— The liability of a reinsurer, like that of a party to any other contract, must depend upon the terms of his contract. A liability cannot be imposed upon the reinsuring company for any loss for which it in plain terms provided exemption.

ID.—CONSTRUCTION OF PRO RATA CLAUSE—CONFLICTING PROVISIONS— ADJUSTMENT OF LOSS NOT IMPOSING EXCEPTED LIABILITY.—In construing the *pro rata* clause with other conflicting provisions, the rule must be applied that such provisions must be reconciled, if it can be done without doing violence to the language of the contract. Though the precise meaning of that clause is in doubt, yet

it is held that the reinsured may not under the *pro rata* clause, by adjusting and paying a loss, impose a liability upon the reinsurer for a loss not covered by either the original policy or the reinsuring policy, but expressly excepted therefrom.

ID.—PART OF ANSWER ALLEGING VIOLATION OF PLAINTIFF'S PROMISE NOT TO ADJUST LOSS WITHOUT NOTICE—SUSTAINING DEMURRER NOT PREJUDICIAL.—The court did not prejudicially err in sustaining plaintiff's demurrer to part of the answer setting up the violation of plaintiff's promise not to adjust the loss without notice thereof to defendant.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

T. C. Van Ness, for Appellant.

James Alva Watt, for Respondent.

HALL, J.—This is an appeal from a judgment rendered for plaintiff against defendant upon a policy of reinsurance against loss by fire.

The original policy of insurance and the policy of reinsurance are attached to the complaint and made a part thereof. The risk was upon machinery, fixtures, and goods contained in a designated building.

The original policy of insurance contains the following clause:

"If a building or any part thereof fall, except as the result of fire, all insurance by this policy on such building or its contents shall immediately cease."

The reinsurance policy contains precisely the same clause and also the following:

"This policy is subject to the same risks, valuations, conditions and adjustments as are or may be taken by the reinsured, and the loss, if any thereunder is payable *pro rata* with the reinsured and at the same time and place."

It is substantially alleged in the complaint, among other things, that after the fire plaintiff adjusted and ascertained the amount of the loss sustained by the original insured at a certain amount, and the portion thereof payable by the plaintiff to the original insured, and that it paid the same.

Plaintiff sought and obtained a judgment against the defendant for its *pro rata* amount based upon such adjustment.

Defendant, among other things, pleaded as and for a separate defense that before the occurrence of the fire a material and substantial portion of said building had fallen from a cause other than fire, and that said building had fallen within the meaning of the policies.

Plaintiff interposed a general demurrer to this defense, which the court sustained, and it is this ruling which presents the principal point to be determined upon this appeal.

It is the contention of plaintiff that because of the *pro rata* clause defendant is liable for its proportion of the amount found to be due the original insured from plaintiff by its adjustment of such loss with the owner of the property, unless indeed that such adjustment shall have been fraudulently or collusively made to the injury of defendant. In other words, that plaintiff may, by its adjustment with the original insured, establish as againt the reinsuring company the fact of its liability for a loss as well as the amount thereof, and this in plain disregard of the conditions of both the original policy and the policy of reinsurance that "If a building or any part thereof fall, except as the result of fire, all insurance by this policy on such building or its contents shall immediately cease."

We cannot accede to the soundness of this view of the law. We have been cited to no case that goes so far.

As was said in *Firemen's Fund Ins. Co.* v. *Aachen & Munich Fire Ins. Co.*, 2 Cal. App. 690, [84 Pac. 253] : "In any event, the liability of a reinsurer, like that of a party to any other contract, must depend upon the terms of his contract."

By the terms of the contract in the case at bar all insurance on the property covered by the policy of reinsurance was to immediately cease upon the falling of the building or any part thereof, except as the result of fire. It is a well recognized rule that every part of a contract must be given some effect if possible, and two apparently conflicting provisions of the same contract must be reconciled if such may be done without doing actual violence to the language of the contract.

Just what is the precise meaning of the so-called *pro rata* clause may be in some doubt. We certainly do not think that

under its somewhat vague and uncertain language there can justly be found any authority to the reinsured to charge the reinsuring company for a loss for which it in plain terms provided exemption. . (See *Firemen's Fund Ins. Co.* v. *Aachen & Munich Fire Ins. Co.,* 2 Cal. App. 690, [84 Pac. 253]; *Manufacturers' Ins. Co.* v. *Western Assur. Co.,* 145 Mass. 419, [14 N. E. 632]; *Commonwealth Ins. Co.* v. *Globe Mut. Ins. Co.,* 35 Pa. St. 475.)

In discussing a claim made by a reinsurer that he was entitled to notice of abandonment as and for a total loss the Court of Kings Bench said, ''So long as liability exists the mere fact of some honest mistake having occurred in fixing the exact amount of it will afford no excuse for not paying. He has promised ''to pay as may be paid thereon.'' (*Western Assurance Co. of Toronto* v. *Poole,* [1903], 1 Kings Bench Div. 376.) The court seemed to be of the opinion that the right of the reinsured to bind the reinsurer by any adjustment of the loss depended upon the existence of a liability for any loss.

It has been held that under a reinsurance policy containing the clause ''to pay as may be paid,'' no adjustment or payment by the reinsured will put a liability upon the reinsurer for a loss for which, under the other provisions of his policy, he was not liable, or for which the original insurer was not in fact liable though he paid it. (*Marten* v. *Steamship Owners Underwriters' Assoc. Ltd.,* 9 Aspinalls (N. S.) 339; *Chippendale* v. *Holt,* 73 L. T. Rep. 472.)

These two cases are precisely in point, but are not cases in appellate courts.

We do not think that the reinsured, under the *pro rata* clause, may, by adjusting and paying a loss, impose a liability upon the reinsurer for a loss not covered by either the original policy or the reinsuring policy, but expressly excepted therefrom.

The court erred in sustaining the demurrer to the defense founded upon the fallen building clause. (See *Clayburgh* v. *Agricultural Ins. Co.,* 155 Cal. 708, [18 Ann. Cas. 579, 102 Pac. 812].)

Defendant also claims that the court erred in sustaining plaintiff's demurrer to that portion of the answer wherein defendant set up the alleged violation of a promise made by

plaintiff not to adjust the loss without giving notice thereof to defendant.

Without discussing this claim in detail it is sufficient to say that we see no error in this ruling. No facts are pleaded which show that defendant was in any way injured by such failure to notify defendant of the adjustment. Especially must this be so if, as we have already held, defendant's liability for any loss is not concluded by such adjustment.

For the reasons above stated the judgment must be reversed and it is so ordered.

Lennon, P. J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 3, 1913, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 1, 1913.