**SENTIENCE STUDIO LLC,**
Plaintiff–Appellant,

v.

**SECURITY INSURANCE COMPANY OF HARTFORD, a corporation,**
Defendant–Appellee.

No. 05–55062.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 14, 2007 *.

Filed May 1, 2007.

David E. Kronemyer, Esq., Kronemyer & Associates, Los Angeles, CA, for Plaintiff–Appellant.

David A. Tartaglio, Esq., Calvin S. Whang, Esq., Musick Peeler & Garrett, Los Angeles, CA, for Defendant–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. 34(a)(2).

Before: CANBY and THOMAS, Circuit Judges, and CONLON,** District Judge.

## MEMORANDUM ***

Sentience Studio appeals the district court's grant of summary judgment in favor of Security Insurance. We review a summary judgment order *de novo. Long v. County of Los Angeles,* 442 F.3d 1178, 1184 (9th Cir.2006).

Under California law, Sentience Studio is a third-party claimant that generally does not have standing to bring a direct breach of contract action against an insurance company. *Harper v. Wausau Ins. Co.,* 56 Cal.App.4th 1079, 1086, 66 Cal. Rptr.2d 64 (1997). This prohibition extends to suits for breach of the implied covenant of good faith. *Seretti v. Superior Nat'l Ins. Co.,* 71 Cal.App.4th 920, 929, 84 Cal.Rptr.2d 315 (1999). The facts were stipulated, and no reasonable inferences could be drawn sufficient to create third-party standing for Sentience Studio under any exception to the general rule. We affirm for the reasons aptly stated in the district court's opinion.

Sentience Studio's objection to Security Insurance's supplementation of the record with the summary judgment briefs is sustained. Security Insurance's request for judicial notice of Sentience Studio's acceptance of an offer to compromise its separate state court suit is granted.

**AFFIRMED.**

---

** The Honorable Suzanne B. Conlon, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

