Filed 5/26/15  Mahecha v. Hanover Ins. Group CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| NELSON Y. MAHECHA,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>THE HANOVER INSURANCE GROUP,<br>INC.,<br><br>    Defendant and Respondent. | D065325<br><br><br><br>(Super. Ct. No. 37-2013-00057450-<br>CU-IC-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Joel R. Wohlfeil, Judge.  Affirmed.

The Law Office of Michael A. Alfred and Michael A. Alfred for Plaintiff and Appellant.

Murchison & Cumming and Edmund G. Farrell for Defendant and Respondent.

This case involves a judgment creditor's action brought by plaintiff Nelson Y. Mahecha against defendant Hanover Insurance Group, Inc. (Hanover) under Insurance Code section 11580 (all further undesignated statutory references are to the Insurance

Code unless otherwise specified), which authorizes a third party claimant, in certain situations, to bring a direct action against a liability insurer on an insurance policy after obtaining a judgment against an insured party in a separate action against that party based upon "bodily injury, death, or property damage." (§ 11580, subd. (b)(2); *Wright v. Fireman's Fund Ins. Companies* (1992) 11 Cal.App.4th 998, 1014-1015 (*Wright*).) In a prior case, Mahecha sued both Hanover and his former attorney, Roger Stacy, who Mahecha believed had legal malpractice liability insurance coverage under a policy issued by Hanover, alleging that he was an intended third party beneficiary of the insurance contract between Hanover and the attorney and that he had lost his home in a foreclosure proceeding as a result of the attorney's malpractice in a related bankruptcy proceeding. As pertinent here, the court in that case dismissed without prejudice Mahecha's complaint as against Hanover in a demurrer proceeding, concluding that Mahecha was not in privity of contract with Hanover and he could not bring a direct action against Hanover because he had not obtained a judgment against the defendant attorney. Mahecha later obtained a default judgment against the attorney for damages exceeding $287,000.

Mahecha thereafter brought the section 11580 judgment creditor's action against Hanover that is the subject of this appeal, and the court entered a judgment of dismissal after sustaining without leave to amend Hanover's general demurrer to Mahecha's complaint. In sustaining Hanover's demurrer, the court ruled that this action was barred by the doctrine of res judicata, finding that Mahecha was attempting to relitigate the same cause of action he had asserted against Hanover in the prior lawsuit.

2

Mahecha appeals, contending the court "erred in sustaining Hanover's demurrer on the grounds that res judicata barred relitigation of the same claims." Hanover responds by asserting that the court correctly found Mahecha's claims are barred by the doctrine of res judicata, and, assuming for purposes of argument that res judicata does not apply, the judgment should be affirmed because Mahecha has not stated, and cannot state, facts sufficient to constitute a cause of action under section 11580. Reviewing Mahecha's complaint and the record de novo, we conclude Mahecha has failed to state facts sufficient to constitute a cause of action under section 11580 because, as Hanover correctly points out, Mahecha judicially admitted in the prior action that the subject policy issued by Hanover does not cover the relief awarded in the default judgment entered in that case against the attorney who purportedly was Hanover's insured. We also conclude Mahecha's related claim for breach of implied obligation of good faith and fair dealing also fails as a matter of law. Accordingly, we affirm the judgment of dismissal.

BACKGROUND

A. *Mahecha's Prior Lawsuit Against Hanover and Its Purported Insured*

In late 2012 in his underlying lawsuit—*Mahecha v. Stacy et al.* (Super. Ct. San Diego County, 2011, No. 37-2011-00077979-CU-PN-SC) (the prior action)—Mahecha obtained a default judgment awarding him damages in the amount of $287,050 against Stacy, who allegedly was Hanover's insured, on Mahecha's causes of action against Stacy for legal malpractice, intentional misrepresentation, and concealment. In that case, Mahecha alleged that Stacy had committed malpractice while representing him in a bankruptcy action related to a foreclosure proceeding that resulted in Mahecha's losing

3

his home.[1]  As pertinent here, Mahecha alleged in his verified amended complaint—in support of his intentional misrepresentation and concealment claims—that Stacy "was not covered by malpractice insurance" under the professional liability insurance contract between Hanover and Stacy, that Stacy had falsely represented that he possessed malpractice insurance that would cover any malpractice claim brought against him, and that Stacy had concealed that he was not covered by malpractice insurance.

In the prior action Mahecha also sued Hanover, alleging several causes of action—aiding and abetting breach of fiduciary duty, breach of contract, and breach of implied duty of good faith and fair dealing—based on the theory that Mahecha was an *intended* third party beneficiary of the insurance contract between Hanover and Stacy.  In that case the trial court[2] sustained Hanover's general demurrer without leave to amend and dismissed "without prejudice" Mahecha's complaint "as against [Hanover]," finding that Mahecha was not in privity of contract with Hanover and he could not bring a direct action against Hanover because he had not obtained a judgment against Stacy.

B.  *Mahecha's Current Action Against Hanover*

In July 2013, after he obtained the default judgment against Stacy in the prior action, Mahecha sought to recover (among other things) payment of the default judgment by bringing the judgment creditor's direct action against Hanover that is the subject of this appeal.  In his complaint Mahecha asserted two causes of action:  (1) A judgment

---

[1]    As most of the specific facts underlying the prior action are not pertinent to the issues raised in this appeal, we need not summarize them here.

[2]    The Honorable William S. Cannon and the Honorable Kenneth J. Medel.

creditor's cause of action under section 11580; and (2) breach of the implied obligation of good faith and fair dealing under section 790.03, subdivision (h)(5).

1. *Hanover's general demurrer*

Hanover responded by demurring to both causes of action asserted in Mahecha's complaint. As relevant here, Hanover asserted that Mahecha had not alleged, and could not allege, any of the five essential pleading requirements for maintaining an action under section 11580 because the underlying default judgment against Stacy was for professional, misrepresentation and concealment and was not "based upon bodily injury, death or property damage" within the meaning of that section, and because Mahecha "ha[d not] alleged that coverage was established in the underlying action." Hanover further asserted that Mahecha "ha[d] not plead[ed] facts sufficient to establish third-party beneficiary status under [] section 11580 or traditional contract principles."

Regarding Mahecha's second cause of action, Hanover argued that the complaint failed to state facts sufficient to constitute a cause of action for breach of the implied obligation of good faith and fair dealing, which was based on the allegation that Hanover had a duty to make a good faith offer to settle Mahecha's claim for payment of the judgment against Stacy in the prior action once Hanover had notice of the judgment. Hanover further asserted that, "to the extent [Mahecha] relie[d] upon his status as a third party beneficiary under [section] 11580 to support his cause of action, this claim falls along with his [section] 11580 claim."

The court requested supplemental briefing from the parties on "the limited issue of whether the doctrine of res judicata bar[red] [Mahecha] from re-litigating the same cause

5

of action adjudicated in [the prior action]."  In its supplemental brief, Hanover asserted that Mahecha's claims were barred by the doctrine of res judicata because he was "improperly attempting to relitigate the same primary rights and obligations that were at issue in the underlying action; namely, whether [Mahecha] [was] a third party beneficiary to the professional liability policy issued by Hanover to Stacy."  Hanover also repeated its argument that Mahecha had not stated, and could not state a claim under section 11580 because that section "[did] not cover the subject malpractice policy"; the underlying judgment against Stacy was "not based upon bodily injury, death, or property damage"; and the policy "[did] not cover the relief awarded in the judgment" because "by [Mahecha's] own prior judicial admission, there [was] no coverage for the relief awarded in the judgment."  In support of its assertion that Mahecha had judicially admitted that the policy did not cover the relief awarded in the judgment against Stacy within the meaning of section 11580, Hanover requested that the court take judicial notice of Mahecha's allegation in his verified complaint in the prior action that "[t]he true facts were that [Stacy] was not covered by malpractice insurance because he failed to inform [Hanover] that an action was pending against him when he renewed his policy."  Mahecha apparently also filed a supplemental brief, which Mahecha does not discuss in either his appellant's opening brief or his reply brief and a copy of which does not appear in the record.

After hearing oral arguments by the parties' counsel and taking judicial notice of Mahecha's verified complaint in the prior action, the court sustained without leave to amend Hanover's general demurrer to his complaint in the current case and ordered the

6

complaint dismissed with prejudice. In sustaining Hanover's demurrer, the court ruled that this action was barred by the doctrine of res judicata, finding that Mahecha was attempting to relitigate the same cause of action he had asserted against Hanover in the prior lawsuit. Mahecha's timely appeal followed.

STANDARD OF REVIEW

"A demurrer tests the legal sufficiency of factual allegations in a complaint." (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 42 (*Rakestraw*).) On appeal from a judgment of dismissal entered after a general demurrer has been sustained without leave to amend, "this court reviews the complaint de novo to determine whether it states a cause of action. [Citation.] We assume the truth of all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] The judgment must be affirmed if it is proper on any lawful grounds raised in the demurrer." (*Folgelstrom v. Lamps Plus, Inc.* (2011) 195 Cal.App.4th 986, 989; see *Rakestraw*, *supra*, at p. 43 ["In reviewing the sufficiency of a complaint against a general demurrer . . . this court determines whether the complaint states facts sufficient to constitute a cause of action."].) In reviewing the sufficiency of the complaint, "[t]his court also considers matters that may be judicially noticed." (*Rakestraw*, at p. 43.)

DISCUSSION

A. *First Cause of Action* (§ *11580*)

We first conclude the court properly sustained without leave to amend Hanover's demurrer to the first cause of action alleged in Mahecha's complaint because he has not stated, and cannot state, facts sufficient to constitute a judgment creditor's cause of action

7

under section 11580 because he judicially admitted in his verified amended complaint in his prior action against Hanover and its purported insured, Stacy, that the policy Hanover issued to Stacy does not cover the relief awarded in the default judgment Mahecha obtained against Stacy—the award of damages in the amount of $287,050—in the prior action.

We begin our analysis by noting that, "[a]s a general rule, absent an assignment of rights or a final judgment, a third party claimant may not bring a direct action against an insurance company on the contract because the insurer's duties flow to the insured." (*Harper v. Wausau Ins. Co.* (1997) 56 Cal.App.4th 1079, 1086 (*Harper*).)

However, "[t]here are several exceptions to the general rule which prohibits a third party claimant from suing an insurer." (*Harper*, *supra*, 56 Cal.App.4th at p. 1086.) Under the judgment creditor exception at issue here, "once a party has a final judgment against the insured, the claimant becomes a third party beneficiary of the insurance policy and may enforce the terms which flow to its benefit pursuant to [] section 11580." (*Harper*, at p. 1086.) Section 11580 provides in part:

> "A policy insuring against losses set forth in subdivision (a) shall not be issued or delivered to any person in this state unless it contains the provisions set forth in subdivision (b). Such policy, whether or not actually containing such provisions, shall be construed as if such provisions were embodied therein.
>
> "(a) Unless it contains such provisions, the following policies of insurance shall not be thus issued or delivered: [¶] . . .
>
> "(2) Against *loss of or damage to property* caused by draught animals or any vehicle, and for which the insured is liable . . . .

"(b)  Such policy shall not be thus issued or delivered to any person in this state unless it contains all the following provisions:  [¶] . . .

"(2)  A provision that *whenever judgment is secured against the insured . . . in an action based upon bodily injury, death, or property damage, then an action may be brought against the insurer on the policy and subject to its terms and limitations, by such judgment creditor to recover on the judgment*."  (Italics added.)

In *Wright, supra,* 11 Cal.App.4th at pages 1014-1015, this court explained that "[s]ection 11580 requires a policy issued or delivered in this state which covers liability for injuries to a person or covers liability for *loss of or damage to property* caused by a vehicle or draught animal[3] (§ 11580, subds. (a)(1)(2)), to include a provision that whenever judgment is secured against the insured in an action based upon bodily injury, death, or *property damage*, the judgment creditor may sue the insurer on the policy, subject to its terms and limitations, to recover on the judgment (§ 11580, subd. (b)(2)). Under the section, if the policy does not actually contain the required provision, it is construed as if it did so.  A direct action under section 11580 is a contractual action on the policy to satisfy a judgment up to policy limits."  (Italics added, footnote omitted; see *Hand v. Farmers Ins. Exchange* (1994) 23 Cal.App.4th 1847, 1858 (*Hand*) ["once having secured a final judgment for damages, the plaintiff becomes a third party beneficiary of the policy, entitled to recover on the judgment on the policy"].)

---

3  Despite the archaic phrase "caused by a vehicle or draught animal" in subdivision (a)(2) of section 11580, the "loss of or damage to property" that will support a judgment creditor's direct action against an insurer is not limited to loss of or damage to property caused by a draught animal or any vehicle.  (*People ex rel. City of Willits v. Certain Underwriters at Lloyd's of London* (2002) 97 Cal.App.4th 1125, 1131-1132.)

9

This court also explained in *Wright* that, under section 11580, a third party claimant bringing a direct action as a judgment creditor against an insurer "should therefore plead and prove 1) it obtained a judgment for bodily injury, death, or property damage, 2) the judgment was against a person insured under a policy that insures against loss or damage resulting from liability for personal injury or insures against *loss of or damage to property* caused by a vehicle or draught animal,[4] 3) the liability insurance policy was issued by the defendant insurer, 4) *the policy covers the relief awarded in the judgment*, [and] 5) the policy either contains a clause that authorizes the claimant to bring an action directly against the insurer or the policy was issued or delivered in California and insures against loss or damage resulting from liability for personal injury or insures against loss of or damage to property caused by a vehicle or draught animal." (*Wright*, *supra*, 11 Cal.App.4th at p. 1015.)

Thus, one of the essential elements that a third party judgment creditor must plead to state a direct action claim against an insurer under section 11580 is that the policy in question covers the relief awarded in the judgment the plaintiff judgment creditor secured against the defendant insurer's insured. (*Wright, supra*, 11 Cal.App.4th at p. 1015; *People ex rel. City of Willits v. Certain Underwriters at Lloyd's of London*, *supra*, 97 Cal.App.4th at p. 1130, fn. 2.)

Here, Hanover argues the court's order sustaining without leave to amend its demurrer to Mahecha's section 11580 claim must be affirmed because, "[b]y [Mahecha's]

---

4      See footnote 3, *ante*.

own prior judicial admission, there is no coverage for the relief awarded in the judgment [against Stacy]," and thus he cannot state a claim under that section. We agree.

"The admission of fact in a pleading is a 'judicial admission.'" (*Valerio v. Andrew Youngquist Construction* (2002) 103 Cal.App.4th 1264, 1271 (*Valerio*).) ""'A judicial admission in a pleading . . . is not merely evidence of a fact; it is a conclusive concession of the truth of a matter which has the effect of removing it from the issues. . . .'"" (*Addy v. Bliss & Glennon* (1996) 44 Cal.App.4th 205, 218 (*Addy*).) "[A] trial court may not ignore a judicial admission in a pleading, but must conclusively deem it true as against the pleader." (*Thurman v. Bayshore Transit Management, Inc.* (2012) 203 Cal.App.4th 1112, 1155.)

We take judicial notice of Mahecha's original verified complaint in Mahecha prior action against Hanover and Stacy. (Evid. Code, §§ 452, subd. (d), 459, subd. (a); *Rakestraw*, *supra*, 81 Cal.App.4th at p. 43 [in reviewing the legal sufficiency of a complaint, the reviewing court considers matters that may be judicially noticed].) In paragraph No. 38 of that pleading Mahecha alleged that "[t]he true facts were that [*Stacy*] *was not covered by malpractice insurance* because he failed to inform [Hanover] that an action was pending against him when he renewed his policy." (Italics added.) We also take judicial notice of the verified amended complaint Mahecha later filed in that same action, in which he twice repeated the same allegation that Stacy "was not covered by malpractice insurance" under the policy Hanover issued to Stacy.

The foregoing admissions of fact are judicial admissions by Mahecha that the policy Hanover issued to its purported insured, Stacy, provided no coverage. (*Valerio*,

11

*supra*, 103 Cal.App.4th at p. 1271; *Addy*, *supra*, 44 Cal.App.4th at p. 218.) Thus, in the present case, Mahecha cannot state a claim against Hanover under section 11580 because the policy in question does not cover the relief awarded in the default judgment Mahecha obtained against Stacy in the prior action. (See *Wright*, *supra*, 11 Cal.App.4th at p. 1015 [judgment creditor who brings a direct action against an insurer under section 11580 must "plead and prove . . . the policy covers the relief awarded in the judgment"].)

In light of our foregoing conclusions, we need not reach Mahecha's contention that the court "erred in sustaining Hanover's demurrer on the grounds that res judicata barred relitigation of the same claims." (*Folgelstrom v. Lamps Plus, Inc.*, *supra*, 195 Cal.App.4th at p. 989 ["The judgment must be affirmed if it is proper on any lawful grounds raised in the demurrer."].)

B. *Second Cause of Action for Breach of Implied Obligation of Good Faith and Fair Dealing*

We also conclude Mahecha's related second cause of action for breach of implied obligation of good faith and fair dealing also fails as a matter of law. As already noted, this cause of action is based on Mahecha's allegations that Hanover had a duty to make a good faith offer to settle Mahecha's claim for payment of the judgment against Stacy in the prior action once Hanover had notice of the judgment. The Court of Appeal has explained that a third party claimant who has secured a final judgment for damages against the insured "becomes a third party beneficiary of the policy, entitled to recover on the judgment on the policy" (*Hand, supra,* 23 Cal.App.4th at p. 1858), and the judgment creditor plaintiff "also become(s) a beneficiary of the covenant of good faith" (*ibid.*) such

12

that the insurer's "duty to exercise good faith in not withholding adjudicated damages necessarily is owing to the plaintiff also." (*Ibid.*) However, as is obvious, that duty to exercise good faith in not withholding adjudicated damages is contingent on the existence of coverage under the policy in question. Here, as already discussed, Mahecha has judicially admitted that the policy does not cover the relief awarded in the default judgment against Stacy.

For all of the foregoing reasons, we affirm the judgment of dismissal.

DISPOSITION

The judgment is affirmed. The Hanover Insurance Group, Inc. shall recover its costs on appeal.

NARES, J.

WE CONCUR:

McCONNELL, P. J.

O'ROURKE, J.