Filed 12/14/20  Hecke v. Federal Insurance Co. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| LEO HECKE, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> FEDERAL INSURANCE COMPANY, <br><br> Defendant and Respondent. | H046369 <br> (Santa Clara County <br> Super. Ct. No. 17CV315410) |

Appellant Leo Hecke obtained a $21,750 judgment in a breach of contract and fraud action against Mall Teen Cards, LLC (MTC), which had been insured by respondent Federal Insurance Company (Federal).  After Federal refused to pay the judgment, Hecke filed this action against Federal.  The trial court granted Federal's summary judgment motion and dismissed Hecke's action.

On appeal, Hecke contends that he was entitled to recover from Federal because he was a third party beneficiary of the insurance contract, the claim was a covered claim, and Federal's exhaustion of the policy limits by paying the remaining limits to the insureds was illegal.  We reject his claim that he was a third party beneficiary.  As he therefore lacked a legal basis for a direct action against Federal, we affirm the judgment.

## I.     UNDISPUTED FACTS

Federal issued a directors and officers policy to MTC and Michael Ferguson as MTC's managing member.  This policy, which covered a period from January 2013 to March 2014, provided $1 million in coverage for MTC and an additional $500,000 in

coverage for executives.  This policy provided that defense costs, including attorney's fees and expenses for investigation and defense of any claim, reduced the policy limits.[1] The policy excluded claims for bodily injury or property damage.  It also excluded claims "based upon" "any deliberately fraudulent act" and contract claims against MTC.  The policy provided that Federal's obligation to defend ceased upon exhaustion of the policy limits.

In January 2014, Hecke filed an action against Ferguson, MTC, and others for fraud and breach of contract.  Neither the original complaint nor the July 2015 amended complaint made any mention of negligence; both alleged breach of contract and intentional fraud.  Hecke did not allege that he had suffered any bodily injury or property damage.

Ferguson and MTC were defendants in multiple civil actions, and Ferguson was the defendant in a criminal action.  By December 2015, Federal had reimbursed defense costs of $740,944.93 and funded $140,000 in settlements in these actions.  These outlays had substantially reduced the $1 million policy limit, but the $500,000 policy limit remained unimpaired.

In December 2015, Federal entered into a settlement agreement with MTC and Ferguson under which Federal agreed to pay $619,055.77, the remaining policy limits, to MTC in return for a release of all claims that Ferguson and MTC might have against the policy.  Federal, MTC, and Ferguson agreed that "the Policy shall be deemed fully exhausted and null and void and of no force or effect whatsoever."  The settlement

---

[1] The policy provided:  "THE LIMIT OF LIABILITY TO PAY DAMAGES OR SETTLEMENTS WILL BE REDUCED AND MAY BE EXHAUSTED BY 'DEFENSE COSTS', AND 'DEFENSE COSTS' WILL BE APPLIED AGAINST THE RETENTION.  IN NO EVENT WILL THE COMPANY BE LIABLE FOR 'DEFENSE COSTS' OR THE AMOUNT OF ANY JUDGMENT OR SETTLEMENT IN EXCESS OF THE APPLICABLE LIMIT OF LIABILITY."

agreement, which was executed by Ferguson both as an individual and as managing partner of MTC, expressly provided that Ferguson had "no personal interest" in the proceeds of the policy. In January 2016, Ferguson paid $500,000 in restitution in his criminal case. Ferguson's criminal attorney understood that "the source of the funds" used to pay Ferguson's criminal restitution "was from CHUBB Insurance Company." Federal is part of Chubb.

Hecke's action against MTC and Ferguson was tried in December 2016. No defendants appeared at the trial, and the trial court entered judgment for Hecke against MTC for $21,750 on Hecke's fraud and breach of contract claims. In May 2017, Hecke demanded that Federal pay this judgment or he would "file suit under Insurance Code Section 11580." Federal refused to pay the judgment because the policy limits had been exhausted and Hecke's action did not allege any covered claims.

## II.    PROCEDURAL BACKGROUND

In September 2017, Hecke filed this action against Federal seeking to recover damages from Federal based on Federal's failure to pay the judgment against MTC. His three-page complaint alleged that Federal had insured MTC, that Hecke had obtained a judgment against MTC, and that Federal had refused Hecke's demand that Federal pay the judgment. Hecke alleged that he had been damaged by Federal's refusal to pay the judgment, and he asserted that the policy "is deemed by law" to entitle him to bring an action against Federal to recover on the judgment against MTC. He asserted that Federal had breached its insurance contract and that Federal had a contractual obligation to pay the judgment.

Federal moved for summary judgment on the grounds that (1) the policy had been "exhausted," (2) Hecke lacked the authority to bring this action because Insurance Code section 11580 did not apply, (3) Hecke could not show that the underlying judgment was a covered loss under the policy, and (4) Hecke lacked standing to bring an action against Federal because Federal owed no contractual or tort duty to Hecke.

3

Hecke responded that (1) the policy limits had not been exhausted because Federal had illegally paid Ferguson's criminal restitution, (2) although Insurance Code section 11580 was inapplicable, Hecke was a third party beneficiary of the policy and therefore could sue Federal, and (3) the judgment was a covered loss because the trial court in the underlying case made no findings that precluded coverage. Although Hecke did not dispute that the underlying complaint alleged only fraud and breach of contract, he contended that he could have amended that complaint to allege a covered cause of action. He disputed that the policy limits were exhausted because he claimed that the payment by Federal under the settlement agreement was an illegal payment to fund criminal restitution.

The court granted Federal's summary judgment motion. It concluded that Federal had established that Hecke could not proceed under Insurance Code section 11580 because Hecke's judgment was based solely on "economic losses."[2] The court further found that Hecke had not even alleged a basis for third-party beneficiary standing.[3] The court found that Federal had shown that the policy did not cover Hecke's claims. In addition, the court found that Federal had established that the policy was fully exhausted before Hecke demanded payment of his judgment. The court entered a judgment of dismissal, and Hecke timely filed a notice of appeal.

---

[2] Hecke had conceded this point in his opposition to Federal's motion.

[3] Because the hearing on the summary judgment motion was not reported, Hecke filed a request for a settled statement with a proposed settled statement concerning what had occurred at that hearing. Federal filed no response, and the trial court then certified the proposed settled statement. The settled statement asserted that Federal's trial counsel had conceded at the hearing that Hecke was a third party beneficiary of the policy. We view this alleged concession as immaterial. The policy language stands for itself, and Federal's pleadings below asserted that Hecke was *not* a third party beneficiary.

4

## III.   DISCUSSION

Hecke contends that (1) he was a third party beneficiary of the insurance contract, (2) the judgment he obtained against MTC was for a covered loss, and (3) Federal could not have lawfully exhausted the policy limits because it permitted Ferguson to use the policy proceeds to pay his criminal restitution.

Although Hecke's complaint against Federal was based on Insurance Code section 11580, he concedes that that statute was inapplicable.  Insurance Code section 11580, which permits a judgment creditor to bring a direct action against an insurer in certain circumstances, is limited to claims for bodily injury or property damage and applies only to insurance policies covering personal injury and property damage. (Ins. Code, § 11580.)  Federal's policy excluded bodily injury and property damage, and Hecke's judgment was not based on any bodily injury or property damage.

Hecke nevertheless claims that Federal was not entitled to summary judgment because Hecke "was an intended third party beneficiary under the policy upon obtaining a final judgment."  He fails to cite any authority that supports his argument.

Hecke cites Civil Code section 1559, which provides:  "A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it."  Nothing in this statute tells us whether the insurance contract was expressly intended to benefit Hecke.

The only case he cites, *Harper v. Wausau Ins. Co.* (1997) 56 Cal.App.4th 1079 (*Harper*), is readily distinguishable.  In *Harper*, the plaintiff was injured in a slip and fall on the insured's property.  (*Id*. at p. 1083.)  Her action against the insured, which the insurer defended under the liability coverage in the policy, resulted in a defense verdict. She then sought payment from the insurer under the "medical expenses" coverage in the insured's policy, alleging in her complaint against the insurer that she was a third party beneficiary of the insurance contract.  (*Ibid*.)  The insurance policy expressly stated that the insurer would pay "medical expenses" incurred by an "injured person" regardless of

5

fault. (*Id.* at pp. 1088-1089.) The trial court granted the insurer summary judgment after the insurer argued that the plaintiff was not a party to the insurance contract and was not a third party beneficiary. (*Id.* at p. 1083.)

The Court of Appeal reversed. It reasoned: "There are several exceptions to the general rule which prohibits a third party claimant from suing an insurer. For example, once a party has a final judgment against the insured, the claimant becomes a third party beneficiary of the insurance policy and may enforce the terms which flow to its benefit pursuant to Insurance Code section 11580. [Citations.] Further, a claimant may sue the insurer as a third party beneficiary utilizing traditional contract principles. Under California law third party beneficiaries of contracts have the right to enforce the terms of the contract under Civil Code section 1559 which provides: 'A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it.' Traditional third party beneficiary principles do not require that the person to be benefited be named in the contract." (*Harper*, *supra*, 56 Cal.App.4th at p. 1086, fn. omitted.)

The *Harper* court examined the language of the particular insurance contract at issue and found that "the medical coverage provisions [of the policy] provide *direct obligations on the part of the insurer to the intended beneficiaries*." (*Harper*, *supra*, 56 Cal.App.4th at p. 1089, italics added.) "The express language of 'Coverage C' plainly indicates it is meant to directly confer a benefit upon third parties who are injured on the owner's property. The payment is premised on the happening of the event and is *not* premised on fault. Thus, the insurer undertook a separate and direct obligation to pay to [*sic*] the medical expenses of any persons injured on the owner's property regardless of its insured's negligence. Accordingly, the payments were plainly intended to directly benefit plaintiff and were not incidental or remote." (*Id*. at p. 1090.)

The *Harper* court's third party beneficiary analysis turned on specific language in the insurance contract expressly demonstrating the intent to directly benefit those injured

6

on the insured's property. Hecke did not allege in his complaint or identify in his opposition to Federal's summary judgment motion *any* language in the insurance agreement between Federal and MTC expressly evidencing an intent to *directly benefit* Federal's insured's *judgment creditors*. On appeal, Hecke rests his entire argument on the insurance contract's provisions concerning losses *incurred by its insured*. Those provisions provide no support for his assertion that he was a third party beneficiary of the insurance contract because they do not demonstrate an intent to *directly benefit* those injured by Federal's insured's conduct, rather than to benefit Federal's insured. As the trial court cogently pointed out, "[p]laintiff points to no language in the Policy which otherwise supports his contention that he was intended to be a third-party beneficiary to it." Hecke has failed to meet his appellate burden of demonstrating that the trial court erred in granting Federal's summary judgment motion.[4]

## IV.    DISPOSITION

The judgment is affirmed.

---

[4] Since Hecke lacked any legal basis for a direct action against Federal, we need not address whether he established that his judgment was for a covered claim or whether Federal lawfully exhausted the policy limits by entering into the settlement agreement with MTC and Ferguson.

7

_____

ELIA, J.

WE CONCUR:

_____

PREMO, Acting P.J.

_____

BAMATTRE-MANOUKIAN, J.

*Hecke v. Federal Insurance Company*
H046369