[No. A060386. First Dist., Div. Three. July 26, 1994.]

FRANK N. JONES et al., Plaintiffs and Appellants, v.
AETNA CASUALTY AND SURETY COMPANY, Defendant and
Respondent.

COUNSEL

Mukesh Advani for Plaintiffs and Appellants.

Popelka, Allard, McCowan & Bondonno and John M. Ingle for Defendant and Respondent.

OPINION

MERRILL, J.—Frank N. Jones, Donna M. Jones and Snowcreek, Inc. (Jones), appeal from the judgment entered in favor of respondent Aetna Casualty and Surety Company (Aetna), following the order sustaining the

demurrer without leave to amend to Jones's first amended complaint for tortious breach of insurance contract.

## FACTUAL AND PROCEDURAL BACKGROUND

■ Our review of the sufficiency of a complaint against a general demurrer admits all material facts properly pleaded, but not contentions, deductions, or conclusions of fact or law. (See *Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].) Accordingly, the following factual statement, gleaned from Jones's first amended complaint, is accepted as true for purposes of this appeal.

Jones had leased commercial property in Danville from Danville L&M Limited (lessor) for the operation of their restaurant. Pursuant to the lease agreement, lessor was obligated to maintain rental income insurance providing coverage for damage or destruction from fire or other perils. The lease stated this coverage would be at Jones's expense and the policy would provide that the loss would be payable to lessor. The lease also stated that during any repairs to the premises after damage or destruction from a peril, Jones's rent would be equitably reduced to the extent lessor received proceeds from the rental income insurance. The insurance policy lessor obtained, through Aetna, included a "rental value endorsement" which stated Aetna would be liable for the "ACTUAL LOSS SUSTAINED by the insured resulting directly from necessary untenantability, caused by damage to or destruction of the building(s) or structure(s) as furnished and equipped by the insured, by a peril not excluded in this policy. . . ."

In 1989 and 1990, the restaurant premises suffered damage from the intrusion of water from a variety of sources. Patronage was reduced to the extent that Jones was unable to meet its rent obligations. On August 10, 1990, Jones vacated the premises.

Aetna was notified of the loss by Jones in 1989. It failed to provide coverage benefits on the claim for loss of rental income or damage to the structure. Jones alleged that Aetna's actions constituted a breach of the covenant of good faith and fair dealing and that such breach caused lessor to sue Jones for nonpayment of rent and for structural damage to the premises. In the first cause of action, Jones claimed Aetna breached its "obligations to the plaintiffs as implied-in-law co-insureds under the policy of insurance." In the second cause of action, Jones charged Aetna breached its obligations to Jones as third party beneficiaries under the insurance policy. A third cause of action stated that Aetna's actions were intentional and entitled Jones to punitive damages.

Aetna's general demurrer to the original complaint was sustained with leave to amend. Its general demurrer to the amended complaint was sustained without leave to amend. Aetna maintained Jones had no standing to sue as an implied-in-law coinsured under the contract of insurance or as a third party beneficiary.

## DISCUSSION

■ On appeal from the judgment following the sustaining of a general demurrer without leave to amend, a reviewing court must determine whether the facts as pleaded state a cause of action on any legal theory. When the demurrer has been sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment. If there is no such possibility, an abuse of discretion is not shown and we affirm the trial court. (*Blank* v. *Kirwan, supra*, 39 Cal.3d at p. 318.) We find no error in the trial court's ruling as Jones has no standing to sue Aetna, either as an implied-in-law coinsured or as a third party beneficiary of the policy.

■ While an action for breach of the covenant of good faith and fair dealing sounds in tort, the duty of good faith and fair dealing arises from and exists solely because of the contractual relationship between the parties. (*Gruenberg* v. *Aetna Ins. Co.* (1973) 9 Cal.3d 566, 577-578 [108 Cal.Rptr. 480, 510 P.2d 1032].) Thus, someone who is not a party to the contract has no standing to enforce it or to recover extracontractual damages for the wrongful withholding of benefits to the contracting party. (*Hatchwell* v. *Blue Shield of California* (1988) 198 Cal.App.3d 1027, 1034 [244 Cal.Rptr. 249].) However, in the context of insurance policies, "[a] nonparty who is nevertheless entitled to policy benefits, such as an 'insured' person under the terms of the policy or an express beneficiary, has standing only if [he or] she is the *claimant* whose benefits are wrongfully withheld." (*Ibid.*)

■ Jones does not allege he was a contracting party for the insurance policy. Neither does he allege that he was a claimant. Instead, he submits that the facts as pled demonstrate standing as an implied-in-law coinsured under the terms of the policy. Jones states that as the lease agreement required lessor to purchase rental income insurance at Jones's expense, that insurance is deemed to mutually benefit both parties and as such he is a coinsured under the policy with standing to sue. However, the authority he cites for this proposition is unpersuasive.

Jones argues that principles set forth in subrogation cases are applicable here. He submits that in the context of subrogation cases an insurance policy

may be considered to be for the benefit of both the insured lessor and the lessee, even though the lessee is not a named insured under the policy, where the lease required the lessee to purchase the insurance. He contends, in such cases, the lessee is considered an implied-in-law coinsured. (See *Rokeby-Johnson* v. *Aquatronics International, Inc.* (1984) 159 Cal.App.3d 1076, 1085 [206 Cal.Rptr. 232] [defendant held to be an implied-in-law coinsured and subrogation unavailable to insurer where separate agreement required defendant to insure equipment]; *Parsons Manufacturing Corp.* v. *Superior Court* (1984) 156 Cal.App.3d 1151, 1159-1160 [203 Cal.Rptr. 419] [lease provision requiring lessor to maintain fire insurance was for mutual benefit of lessor and lessee, partial summary judgment for insurer in subrogation action denied]; *Liberty Mut. Fire Ins. Co.* v. *Auto Spring Supply Co.* (1976) 59 Cal.App.3d 860, 864 [131 Cal.Rptr. 211] [held no right of subrogation where commercial expectations of parties to lease and sublease were that policy proceeds would cover loss, court considered inequities of allowing right of subrogation against sublessee who paid policy premiums and was regarded as implied-in-law coinsured]; *Tate* v. *Trialco Scrap, Inc.* (M.D.Tenn. 1989) 745 F.Supp. 458, 473-474 [held no right of subrogation where lease provision required lessor to purchase insurance, such provision for mutual benefit of lessor and lessee absent contrary intent].)

These decisions are distinguishable as the principles governing subrogation by an insurer are equitable in nature and have no application to a tort claim for breach of the covenant of good faith and fair dealing.

■ " 'A subrogation as applied to an insurer is its right to be put in the position of its insured against third parties legally responsible to its insured for the loss which the insurer has both insured and paid. [Citation.]' " (*Parsons Manufacturing Corp.* v. *Superior Court, supra,* 156 Cal.App.3d at p. 1158, citing *Liberty Mut. Fire Ins. Co.* v. *Auto Spring Supply Co., supra,* 59 Cal.App.3d at p. 864.) An insurer's right to subrogation is governed by equitable principles. (*Parsons Manufacturing Corp.* v. *Superior Court, supra,* 156 Cal.App.3d at p. 1158, citing *Liberty Mut. Fire Ins. Co.* v. *Auto Spring Supply Co., supra,* 59 Cal.App.3d at p. 865.) Under the doctrine of superior equities, followed in California, the burden is upon the surety to establish its superior equity in seeking recovery against a third party. (*Rokeby-Johnson* v. *Aquatronics International, Inc., supra,* 159 Cal.App.3d at p. 1084.) For example, in the *Liberty Mutual* opinion, the Court of Appeal, in holding the insurer had no right of subrogation, considered the commercial expectation of the sublessees in paying the insurance premium and the windfall to the insurer in the event subrogation was permitted. (*Liberty Mut. Fire Ins. Co.* v. *Auto Spring Supply Co., supra,* 59 Cal.App.3d at p. 865.) The *Liberty Mutual* court denied subrogation against the sublessee as the sublessee was an implied-in-law coinsured under the insurance policy. (*Ibid.*)

In contrast to a subrogation action, a bad faith tort claim is based on contractual principles. The doctrine of superior equities, critical to whether a right of subrogation exists, does not come into play in an action for tortious breach of the covenant of good faith and fair dealing. " 'Whether for better or worse, the historical development of a tort is an important factor in determining its scope (see Prosser, Law of Torts (4th ed. 1971) pp. 19-21), and, thus far, liability for "bad faith" has been strictly tied to the implied-in-law covenant of good faith and fair dealing arising out of an underlying contractual relationship. Where no such relationship exists, no recovery for "bad faith" may be had. [Citation.]' [Citation.]" (*Hatchwell* v. *Blue Shield of California, supra,* 198 Cal.App.3d at p. 1034, citing *Austero* v. *National Cas. Co.* (1976) 62 Cal.App.3d 511, 516-517 [133 Cal.Rptr. 107].) Jones has not pled facts to establish standing under the implied-in-law coinsured theory. There is no reasonable possibility that this defect may be cured by amendment.

Neither are we persuaded by Jones's alternative argument that he has standing to prosecute the action as a third party beneficiary of the insurance policy. Civil Code section 1559 provides: "A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it." A third party may qualify as a beneficiary under a contract where the contracting parties must have intended to benefit that third party and such intent appears on the terms of the contract. (*Ascherman* v. *General Reinsurance Corp.* (1986) 183 Cal.App.3d 307, 311 [228 Cal.Rptr. 1].) However, it is well settled that Civil Code section 1559 excludes enforcement of a contract by persons who are only incidentally or remotely benefited by it. (*Lucas* v. *Hamm* (1961) 56 Cal.2d 583, 590 [15 Cal.Rptr. 821, 364 P.2d 685], cert. den. (1962) 368 U.S. 987 [7 L.Ed.2d 525, 82 S.Ct. 603]; *Walters* v. *Marler* (1978) 83 Cal.App.3d 1, 31 [147 Cal.Rptr. 655].) " 'A third party should not be permitted to enforce covenants made not for his benefit, but rather for others. He is not a contracting party; his right to performance is predicated on the contracting parties' intent to benefit him. . . .' " (*Cancino* v. *Farmers Ins. Group* (1978) 80 Cal.App.3d 335, 344 [145 Cal.Rptr. 503], quoting *Lucas* v. *Hamm, supra,* 56 Cal.2d at pp. 590-591; see also *Murphy* v. *Allstate Ins. Co.* (1976) 17 Cal.3d 937, 944 [132 Cal.Rptr. 424, 553 P.2d 584].) An insurer's duty of good faith and fair dealing is owed solely to its insured and, perhaps, any express beneficiary of the insurance policy. Incidental or remote beneficiaries of the policy cannot state a cause of action against the insurer for a breach of the duty. (*Cancino* v. *Farmers Ins. Group, supra,* 80 Cal.App.3d at p. 342, citing *Austero* v. *National Cas. Co., supra,* 62 Cal.App.3d at pp. 516-517.)

The fact that the third party is only incidentally named in the contract or that the contract, if carried out to its terms, would inure to the

third party's benefit is insufficient to entitle him or her to demand enforcement. (*Walters* v. *Marler, supra,* 83 Cal.App.3d at p. 33.) Whether a third party is an intended beneficiary or merely an incidental beneficiary to the contract involves construction of the parties' intent, gleaned from reading the contract as a whole in light of the circumstances under which it was entered. (*Ibid.*)

 It is apparent from the terms of the insurance policy in the instant case that Jones was not an intended beneficiary. The fact that, by virtue of the lease provision for rent abatement, Jones would have received some benefit in the event Aetna indemnified the lessor for loss of rental income only makes him an incidental beneficiary under the policy. The policy itself and surrounding circumstances do not demonstrate that Aetna and lessor intended Jones to benefit from their agreement.

The implied covenant of good faith and fair dealing in the insurance policy at issue was intended to benefit the insured lessor. Jones has no standing as a third party beneficiary to enforce the covenant made for the benefit of the lessor.

We conclude the trial court properly determined the facts as pleaded did not state a cause of action. There is no reasonable possibility that the lack of standing can be cured by amendment.

The judgment is affirmed.

White, P. J., and Chin, J., concurred.

Appellants' petition for review by the Supreme Court was denied November 17, 1994.