119 F.3d 6
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Blanca SALAZAR, Plaintiff-Appellant,
v.
NATIONWIDE MUTUAL INSURANCE COMPANY, a corporation, one of
Wausau Insurance companies, Defendant-Appellee.
 No. 96-55632.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997**
July 18, 1997.
 
 Appeal from the United States District Court for the Central District of California, D.C. No. CV-95-07121-GHK; George H. King, District Judge, Presiding
 Before: HUG, Chief Judge, KOZINSKI, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Blanca Salazar appeals the district court's grant of summary judgment in favor of Nationwide Mutual Insurance Company ("Nationwide"), in her diversity action seeking payment of medical expenses incurred following an accident on property insured by Nationwide. Salazar contends that the district court erred by granting summary judgment for Nationwide because she is an "express" third-party beneficiary with standing to sue for breach of contract and bad faith. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, see Continental Ins. Co. v. Metro-Goldwyn Mayer, Inc., 107 F.3d 1344, 1346 (9th Cir.1997), and we affirm.
 
 
 3
 The appellate court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. See id. Moreover, we can affirm for any ground finding support in the record. See Kruso v. Int'l Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989).
 
 
 4
 Salazar contends that she is entitled to payment for her medical expenses under the medical payments provision of the insured's general commercial liability policy, because she is a member of a class of people that the contracting parties intended to benefit when they included a no-fault medical payment provision in the contract. We disagree.
 
 
 5
 In California, an injured third-party has standing to bring a breach of contract action directly against an insurance company, if she can show that she is an intended beneficiary or a member of a class of persons that the insurance contract expressly intended to benefit. See Cal.Civ.Code § 1559 (1997); Jones v. Aetna Cas. & Sur. Co., 33 Cal.Rptr.2d 291, 295 (1994). Pursuant to the collateral source rule, a plaintiff who has received compensation for her injuries and medical expenses from the tortfeasor can receive further compensation for the same injuries and expenses only if the subsequent payment is from a source that is wholly independent of the tortfeasor. See Pac. Gas & Elec. Co. v.Super. Ct., 33 Cal.Rptr.2d 522, 523 (1994) (applying the collateral source rule where tortfeasor did not pay for insurance); Jones v. Cal. Cas. Indem. Exch., 91 Cal.Rptr. 726, 727 (1970) (collateral source rule inapplicable where injured party sued insurance company for medical expenses after receiving a judgment in tort action for same injuries and medical expenses). For purposes of the collateral source rule, a tortfeasor's insurance carrier is not a wholly independent source. See id.; Pac. Gas & Elec. Co., 33 Cal.Rptr.2d at 526.
 
 
 6
 Here, Salazar relies on out-of-state case law and a statement by Nationwide to support her argument that slip and fall victims are the intended beneficiaries of Nationwide's no-fault medical payments provision. Even assuming that the no-fault nature of the medical pay provision places Salazar in the class of intended beneficiaries, she still could not prevail.
 
 
 7
 Because Salazar received a judgment in the underlying tort action that included compensation for her injuries and medical expenses, she cannot recover additional compensation under the medical payment provision. See Pac. Gas & Elec. Co., 33 Cal.Rptr.2d at 523; Jones, 91 Cal.Rptr. at 727. Accordingly, the district court did not err by granting summary judgment for Nationwide. See Continental, 107 F.3d at 1346; Kruso, 872 F.2d at 1421.
 
 
 8
 We decline to address Salazar's contention that Nationwide breached its covenant of good faith and fair dealing, given our disposition of her breach of contract claim.
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3