David E. KRONEMYER,
Plaintiff—Appellant,

v.

THE MOTION PICTURE BOND
COMPANY, INC., Defendant—
Appellee.

No. 03–55187.

D.C. No. CV–02–07558–TJH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 8, 2004.

Decided June 16, 2004.

David E. Kronemyer, Esq., Rein Evans & Sestanovich, LLP, Los Angeles, CA, pro se.

Edward M. Kubec, Esq., Glen A. Rothstein, Esq., Joseph M. Gabriel, Esq., Liner Yankelevitz et al, LLP, Los Angeles, CA, for Defendant–Appellee.

Before T.G. NELSON, TASHIMA and FISHER, Circuit Judges.

MEMORANDUM *

David E. Kronemyer appeals the district court's dismissal of his lawsuit against the Motion Picture Bond Company (the "Completion Guarantor"). He alleges that he is a third-party beneficiary of several contracts regarding the financing, completion and distribution of the independent film, *My Big Fat Greek Wedding* (the "Picture"), and that the Completion Guarantor breached its duty to deliver a completed film under one of those contracts, the Completion Guaranty, because the Picture did not credit Kronemyer as an executive producer. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is reviewed de novo. *Cervantes v. United States,* 330 F.3d 1186, 1187 (9th Cir.2003). In determining whether dismissal was proper, we take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party. *See id.*

"A third party may qualify as a beneficiary under a contract where the contracting parties must have intended to benefit that third party and such intent appears on the terms of the contract." *Johnson v. Superior Court,* 80 Cal.App.4th 1050, 95 Cal.Rptr.2d 864, 873 (Cal.Ct.App.2000). Our review of the three contracts as to which Kronemyer claims third-party beneficiary status reveals no intent to confer a benefit on Kronemyer. That Kronemyer was incidentally mentioned in two of the contracts, and that the contracts, if carried out according to their terms, might inure to his benefit, is insufficient to entitle him to demand enforcement. *See Jones v. Aetna Cas. & Sur. Co.,* 26 Cal.App.4th 1717, 33 Cal.Rptr.2d 291, 296 (Cal.Ct.App.1993).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Nor is third-party beneficiary status conferred merely because Kronemyer signed two of the relevant agreements in his representative capacity to one of the contracting parties. *See Benasra v. Marciano*, 92 Cal.App.4th 987, 112 Cal.Rptr.2d 358, 361 (Cal.Ct.App.2001). Because we conclude as a matter of law that Kronemyer is not a third-party beneficiary of the relevant agreements, we need not determine whether the Completion Guarantor was required to ensure that Kronemyer received proper credit.

AFFIRMED.