Filed 11/13/25  ARC Retail 1 v. Orange Coast Title Co. of Southern Cal. CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| ARC RETAIL 1, LLC,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>ORANGE COAST TITLE COMPANY OF SOUTHERN CALIFORNIA,<br><br>    Defendant and Respondent. | G062923<br><br>(Super. Ct. Nos. 30-2017-00939294, consol. w/30-2018-0100157)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, William D. Claster, Judge. Affirmed. Respondent's motion for sanctions. Granted and remanded to the trial court.

Gerard Fox Law and Gerard P. Fox for Plaintiff and Appellant.

Hall Griffin, Howard D. Hall, Jeremy T. Katz and Kasandra C. Goldberg for Defendant and Respondent.

\*          \*          \*

Appellant ARC Retail 1, LLC (ARC) appeals the trial court's grant of summary judgment to respondent Orange Coast Title Company of Southern California (Orange Coast). ARC, whose predecessor in interest financed a loan for the sale of a leasehold interest in a shopping center, sued Orange Coast, the escrow agent for the transaction, over errors Orange Coast allegedly made in carrying out ARC's escrow instructions. The court determined there were no triable issues of material fact as to any of ARC's claims for breach of contract, negligence, breach of fiduciary duty, negligent misrepresentation, or fraud, and consequently entered judgment against ARC. We affirm the court's grant of summary judgment to Orange Coast because ARC failed to demonstrate a triable issue of material fact with respect to any of its causes of action.

Orange Coast also filed a motion for sanctions against ARC and/or its counsel seeking $26,542.50 in attorney fees incurred in litigating an alleged frivolous appeal. Because we conclude ARC's attorney has unreasonably violated the California Rules of Court, we grant Orange Coast's motion for sanctions and remand to the trial court for further proceedings.

FACTS

*A. Factual Background*

The underlying action involves a shopping center located in Westminster (the Property). A leasehold interest in the Property (Lease) was created in 1986. The Lease was amended over time and recorded in 1991. Prior to the events at issue, WRW Properties, LLC (WRW) owned the fee estate interest in the Property. WRW took such title to the Property in 2001,

2

subject to the pre-existing Lease and tenancy of Brookhurst Town Center, LLC's (BTC) predecessors. The Lease, as amended, was assigned between various third parties before being acquired by BTC in 2007. In 2014, WRW acquired a loan from First Choice Bank, which was secured by a deed of trust on the fee estate interest in the Property (First Choice Bank Deed of Trust).

BTC agreed to sell its leasehold interest to JVS Development LLC (JVS). JVS obtained financing for purchase of the Lease from ARC's predecessor in interest, Artemis Realty Capital Advisors, LLC (Artemis). The purchase agreement between BTC and JVS contained joint escrow instructions for the transaction (BTC-JVS Instructions), identifying Amerilink Escrow, Inc. (Amerilink)[1] as the "Escrow Holder" and Orange Coast as the "Title Company."

Artemis issued a set of lender's instructions, addressed to Orange Coast and Adan Phan of Amerilink, which contained items relating to Orange Coast's role as to title insurance and the documents to be recorded to put Artemis in first lien priority position on the leasehold estate (Lender's Instructions). Orange Coast's designated title officer, John Fernando, acknowledged and executed the Lender's Instructions in his capacity as a "title officer." The Lender's Instructions required BTC to deliver to JVS at closing a grant deed for the Lease, and for the Escrow Holder, Amerilink, to record the grant deed.

In February 2017, Amerilink wire transferred over $5.3 million to Orange Coast for the leasehold sale; Artemis's deed of trust was recorded (the

---

[1] JVS and Amerilink were apparently secretly controlled by Vinh Phan, as part of a large-scale mortgage fraud scheme.

Artemis Deed of Trust) thereafter. Orange Coast later recorded the instrument assigning the Lease to JVS (the Grant Deed).

In June 2017, Artemis assigned the Artemis Deed of Trust to ARC. After JVS defaulted on the loan, ARC foreclosed on and took title to the leasehold interest.

## B. Procedural History

In June 2018, ARC filed the underlying lawsuit against Orange Coast. The second amended complaint (SAC) is the operative pleading in this matter. The SAC asserts the following causes of action against Orange Coast: (1) breach of contract by agents and fiduciaries for failure to strictly comply with escrow instructions; (2) negligence by agents and fiduciaries in the performance of their duties; (3) breach of fiduciary duties; (4) negligent misrepresentation of fact by agents and fiduciaries; and (5) fraud and deceit by suppression of facts by agents and fiduciaries.[2]

Each of the causes of action was based on ARC's allegations that Orange Coast failed to "strictly comply" with the Lender's Instructions by failing to disclose or concealing the following: (1) the existence of the First Choice Bank Deed of Trust; (2) the "false or forged" Grant Deed; and (3) Orange Coast's failure to fully pay BTC for the assignment of the Lease and its recordation in violation of the instructions. Orange Coast's alleged actions prevented ARC from being able to unwind the transaction and get its money back.

In 2022, Orange Coast filed a motion for summary judgment. ARC opposed Orange Coast's motion for summary judgment. After a hearing

---

[2] ARC dismissed a sixth cause of action before Orange Coast filed its motion for summary judgment.

4

and supplemental briefing, the trial court granted Orange Coast's motion and entered judgment against ARC. The court concluded that none of the alleged breaches of the contract—failure to notify ARC of the First Choice Bank Deed of Trust, recording an alleged fraudulent Grant Deed, and recording documents before paying BTC—was actionable. Additionally, the court concluded that, because ARC's other causes of action for negligence, breach of fiduciary duty, and fraud were simply "restatements" of the contract claim, they similarly failed.

DISCUSSION

I.

ORANGE COAST'S MOTION FOR SUMMARY JUDGMENT

We conclude the trial court properly granted Orange Coast's motion for summary judgment because ARC failed to demonstrate there were triable issues of material fact with respect to any of its causes of action.

*A.    Legal Standard*

Summary judgment is properly granted if "there is no triable issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).)[3] "A defendant seeking summary judgment must show that the plaintiff cannot establish at least one element of the cause of action." (*Regents of University of California v. Superior Court* (2018) 4 Cal.5th 607, 618; see § 437c, subd. (p)(2).) If the defendant makes this showing, "the burden shifts to the plaintiff . . . to show that a triable issue of one or more material facts exists as to the cause of action or a defense thereto." (§ 437c, subd. (p)(2).)

---

[3] All further statutory citations are to the Code of Civil Procedure unless otherwise stated.

We review a trial court's decision to grant summary judgment de novo. (*Zubillaga v. Allstate Indemnity Co.* (2017) 12 Cal.App.5th 1017, 1021.) The pleadings frame the issues for summary judgment. (*CDF Firefighters v. Maldonado* (2008) 158 Cal.App.4th 1226, 1237.) "Because plaintiff appealed from the trial court's order granting defendant summary judgment, we independently examine the record in order to determine whether triable issues of fact exist to reinstate the action." (*Johnson v. American Standard, Inc.* (2008) 43 Cal.4th 56, 64.) "[W]e view the evidence in the light most favorable to plaintiff as the losing party." (*Ibid.*) And "we liberally construe plaintiff's evidentiary submissions and strictly scrutinize defendant's own evidence, in order to resolve any evidentiary doubts or ambiguities in plaintiff's favor." (*Ibid.*)

B.      *First Cause of Action for Breach of Contract*

The SAC alleged that Orange Coast breached the Lender's Instructions by (1) failing to notify ARC of the First Choice Bank Deed of Trust; (2) recording the Grant Deed without first notifying Artemis; and (3) recording an assignment of the leasehold interest without first ensuring that BTC was fully paid for sale of the lease. We conclude Orange Coast met its burden of proof to demonstrate that ARC could not prove at least one element of its claim for breach of contract, and ARC failed to raise a triable issue of material fact. We address each alleged breach in turn.

1.      Failure to Notify ARC of the First Choice Bank Deed of
        Trust

Relative to this claim, the SAC made the following allegations: the Lender's Instructions provided that escrow could close only if the Artemis Deed of Trust was the first-position lien on the leasehold. Orange Coast breached the Lender's Instructions because it failed to disclose the existence

6

of the First Choice Bank Deed of Trust, which was senior to the Artemis Deed of Trust, and therefore escrow should not have closed.

In its motion for summary judgment, Orange Coast argued that the SAC's allegations failed to state a cause of action for breach of contract because (1) ARC had constructive notice of the First Choice Bank Deed of Trust because it was recorded; (2) the Lender's Instructions did not require Orange Coast to disclose the First Choice Bank Deed of Trust; and (3) the First Choice Bank Deed of Trust is a deed on the *fee estate* and therefore has no effect on ARC's interest in the *leasehold estate*.

We conclude Orange Coast met its burden of proving ARC could not demonstrate an alleged breach of the Lender's Instructions based on failure to disclose the First Choice Bank Deed of Trust. First, Orange Coast had no duty to disclose the existence of the First Choice Bank Deed of Trust because ARC had constructive notice there was a prior lien on the fee estate due to the recordation of the lien. (*In re Marriage of Cloney* (2001) 91 Cal.App.4th 429, 437.) Second, the First Choice Bank Deed of Trust encumbered the fee estate and therefore had no effect on the validity of Artemis's lien on the leasehold estate. (*Darr v. Lone Star Industries, Inc.* (1979) 94 Cal.App.3d 895, 900, superseded by statute on another ground as recognized in *Hubbard v. Brown* (1990) 50 Cal.3d 189, 194.) Third, the Lender's Instructions neither instructed Orange Coast not to record a grant deed, nor required that Orange Coast seek Artemis's permission before recording any such deed. In fact, although the basis for ARC's breach of contract claim is Orange Coast's alleged failure to follow the Lender's Instructions, ARC fails to cite any particular instruction Orange Coast allegedly did not follow. The only escrow instructions ARC cites are

7

paragraphs 7, 8, and 11 of the Lender's Instructions, all of which were actually performed.

ARC's opposition to Orange Coast's motion for summary judgment failed to raise a triable issue of material fact to defeat Orange Coast's motion for summary judgment on ARC's breach of contract claim.[4] Instead, the opposition simply repeats the allegation that Orange Coast breached the Lender's Instructions by failing to notify ARC of the First Choice Bank Deed of Trust: "Here, ARC was a party to a contract with Orange Coast in the form of written escrow instructions. [Portigal Declaration Exhibit 2] [T]he written escrow instructions comprise the entirety of the terms Orange Coast was required to perform as part of its escrow services. The written escrow instructions required, among other things, that the escrow only be closed, and ARC's money disbursed, and its Leasehold Deed of Trust recorded, if, among other things, the Leasehold Deed of Trust was recorded as a 'first lien.' [Fn. Omitted.] [Portigal Declaration Exhibit 1] 'A lien is a charge imposed upon specific property[,] by which it is made security for the performance of an act.' [Citation.] The term 'first lien' is universally known to be a deed of trust that is the most senior in priority on a parcel of real property. [Citation.]

"ARC performed pursuant to the written instructions by providing all fees required of it by Orange Coast. And Orange Coast breached

---

[4] ARC's opposition relies entirely upon the declaration of Blair Portigal, described as a "principal" at ARC. Portigal's declaration fails to add any new information not already alleged in the SAC. Rather, the declaration merely attaches the Leasehold Deed of Trust, the Lender's Instructions, and the deposition transcript of John Fernando, Orange Coast's title officer, who acknowledged receipt of the Lender's Instructions.

the escrow instructions by, among other things, closing the escrow and disbursing ARC's money and recording the Leasehold Deed of Trust when it was not a first lien on the Leasehold Estate. As such, ARC, as the injured party, has a cause of action for breach of contract–*i.e.*, Orange Coast failed to carry out the escrow instructions, for which it contracted with ARC, all to the resulting detriment of ARC. [Citation.]

"For the foregoing reasons, Orange Coast has failed to meet its burden that ARC cannot establish its breach of contract claim against Orange Coast."

This is insufficient to raise a triable issue of material fact for two reasons. First, a "plaintiff must show '"specific facts"' and cannot rely upon the allegations of the pleadings" to defeat a motion for summary judgment. (*Spitzer v. Good Guys, Inc.* (2000) 80 Cal.App.4th 1376, 1385 (*Spitzer*).)

Second, even if the facts as alleged in the SAC are true, i.e., that Orange Coast failed to disclose the existence of the First Choice Bank Deed of Trust, these facts do not state a cause of action for breach of contract. The standard elements of a claim for breach of contract are "'(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff therefrom. [Citation.]'" (*Wall Street Network, Ltd. v. New York Times Co.* (2008) 164 Cal.App.4th 1171, 1178.) ARC cannot show that Orange Coast breached the contract because, as discussed above, it had no obligation under the contract to disclose the existence of the First Choice Bank Deed of Trust. ARC had constructive notice there was a prior lien on the fee estate due to the recordation of the lien, and the First Choice Bank Deed of Trust did not affect the leasehold interest in the Property.

9

### 2. Recording the Grant Deed

The SAC alleges Orange Coast breached the Lender's Instructions by recording the "'false or forged'" Grant Deed. JVS and its principals entered into a contract to buy BTC's leasehold interest in the Property. Plaintiff alleges that, a principal of JVS used a fake "fee interest" in the Property to borrow against it and then absconded with the proceeds.

We conclude Orange Coast met its burden to show ARC could not demonstrate an alleged breach of the Lender's Instructions based on failing to disclose the Grant Deed or in recording it without first notifying ARC. Orange Coast argued that the Lender's Instructions neither prohibited Orange Coast from recording a grant deed nor required consent from Artemis prior to recording a grant deed. "[N]o liability attaches to the escrow holder for his failure to do something not required by the terms of escrow . . . ." (*Lee v. Title Ins. & Trust Co.* (1968) 264 Cal.App.2d 160, 163 (*Lee*).)

ARC's opposition to Orange Coast's motion for summary judgment does not even raise the issue of the recordation of the Grant Deed as an alleged breach of the escrow instructions. Therefore, the opposition clearly fails to raise any triable issue of material fact regarding this alleged breach of contract.

### 3. Recording Loan Documents Before Ensuring BTC Was Paid

The SAC alleges Orange Coast breached the BTC-JVS Instructions and the Lender's Instructions by recording loan documents before ensuring BTC had been paid for the sale of the leasehold from proceeds of the escrow.

We conclude Orange Coast met its burden of proof to show ARC could not demonstrate an alleged breach of the escrow instructions based on Orange Coast's failure to pay BTC before recording the loan documents.

10

Orange Coast argued in its motion for summary judgment that the Lender's Instructions did not require such a payment. In fact, as Orange Coast notes, there is no mention of BTC in the Lender's Instructions at all.

As with the allegations regarding the recording of the Grant Deed, ARC failed to even address this issue in its opposition and therefore failed to raise any triable issue of material fact regarding this alleged breach.

## C. ARC's Other Causes of Action

The trial court also concluded that ARC's second cause of action for negligence, third cause of action for breach of fiduciary duty, fourth cause of action for negligent misrepresentation, and fifth cause of action for fraud all failed because they were derivative of the breach of contract cause of action. We agree.

### 1. Negligence

The SAC alleges Orange Coast was an agent and fiduciary of Artemis and therefore owed Artemis a duty of care. Orange Coast allegedly breached this duty of care by failing to comply with the Lender's Instructions, as stated in ARC's cause of action for breach of contract.

We conclude Orange Coast met its burden to show ARC could not demonstrate Orange Coast was negligent. Because ARC could not establish any breach by Orange Coast of the Lender's Instructions, as discussed above, it similarly could not establish Orange Coast was negligent in carrying out the instructions. (*Schmidt v. Citibank, N.A.* (2018) 28 Cal.App.5th 1109, 1125 (*Schmidt*) [trial court properly granted summary judgment to defendant on derivative claims which depended on the same factual basis as substantive causes of action].)

ARC opposed Orange Coast's motion for summary judgment on ARC's claim for negligence as follows:

11

"As outlined below, Orange Coast has clearly not met its burden for summary judgment on ARC's negligence claim.

"'The elements of a cause of action for negligence are well established. They are (a) legal duty to use due care; (b) breach of such legal duty; [and] (c) the breach as the proximate or legal cause of the resulting injury.' [Citations.] Orange Coast's Motion challenges **only the legal duty** element, conceding the breach, causation, and damages elements.

"A legal duty of care may be imposed by law, be assumed by the defendant, or may exist by virtue of a special relationship. [Citation.] 'An escrow holder has a fiduciary duty to the escrow parties to comply strictly with the parties' instructions. . . . The obligation to exercise reasonable skill and diligence in carrying out the escrow instructions, and to comply strictly with the depositor's written instructions are within the duties undertaken in the contract.' [Citation.] Here, there is no question that Orange Coast owed a legal duty to ARC as a matter of longstanding California case law. [Citations.]

"For the foregoing reasons, Orange Coast has failed to meet its burden to ARC that ARC **<u>cannot</u>** establish its negligence claim against Orange Coast." (Boldface and underscoring in original.)

Simply restating the elements of a cause of action for negligence and then declaring Orange Coast owed a legal duty as a matter of law, without more, is insufficient to raise a triable issue of material fact to defeat Orange Coast's motion for summary judgment on ARC's negligence claim. (*Spitzer*, *supra*, 80 Cal.App.4th at p. 1385.)

2.      Breach of Fiduciary Duty

The SAC alleged Orange Coast breached its fiduciary duty by failing to follow the Lender's Instructions. The SAC further alleged that

12

Insurance Code section 332 required Orange Coast to disclose facts relevant to the loan insurance policy issued by First American Title Insurance Company (First American).

Orange Coast met its burden by demonstrating that the breach of fiduciary duty claim fails because it depends on the same facts as ARC's meritless breach of contract claim. (*Schmidt*, *supra*, 28 Cal.App.5th at 1125.)

Furthermore, Insurance Code section 332 only applies to parties to a contract of insurance. The named parties to the loan insurance policy are First American, as insurer, and Artemis, ARC's predecessor in interest, as insured. Neither ARC nor Orange Coast is a party to the insurance policy. Orange Coast is mentioned only as the trustee on the deed of trust that will secure the loan the policy insures. Thus, Insurance Code section 332 was inapplicable because Orange Coast was not a party to the insurance policy issued by First American to Artemis and therefore was not bound by its terms. (*EEOC v. Waffle House, Inc.* (2002) 534 U.S. 279, 294 ["It goes without saying that a contract cannot bind a nonparty"]; *Jones v. Aetna Casualty & Surety Co.* (1994) 26 Cal.App.4th 1717, 1724 [nonparty to insurance contract cannot state cause of action for breach of insurer's contractually based duty].)

ARC's opposition to Orange Coast's motion for summary judgment on ARC's claim for breach of fiduciary duty states:

"Orange Coast—both by contract and by law—owed a fiduciary duty to ARC as part of the instant transaction. Orange Coast's argument in its Motion is limited to the duty element of ARC's breach of fiduciary duty claim, and Orange Coast has likewise not met its burden for summary judgment on this cause of action.

"The elements of a cause of action for breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) breach of that duty, and

13

(3) damages. [Citations.] 'An escrow holder has a fiduciary duty to the escrow parties to comply strictly with the parties' instructions[.] . . . The obligation to exercise reasonable skill and diligence in carrying out the escrow instructions, and to comply strictly with the depositor's written instructions are within the duties undertaken in the contract.' [Citations.]

"'In [delimiting] the scope of an escrow holder's fiduciary duties . . . an escrow holder must comply strictly with the instructions of the parties.'" [Citation.] An escrow holder is the fiduciary to all parties to an escrow, and such duties are encompassed by the obligations of the escrow holder to each party to the escrow in accordance with the instruction given. [Citation.]

"Furthermore, it is well established that a title company which serves as an escrow agent has a fiduciary duty to communicate its knowledge of material facts to the parties to the escrow. [Citations.]

"Orange Coast, as the agent of First American in issuing the Policy, also had a statutory duty of disclosure to ARC pursuant to *Insurance Code* § 332 which provides that, 'Each party to a contract of insurance shall communicate to the other, in good faith, all facts within his knowledge which are or which he believes to be material to the contract . . . [.]'

"Here . . . Orange Coast has similarly failed to meet its burden that ARC **cannot** establish its breach of fiduciary duty claim against Orange Coast. Orange Coast is liable to ARC for breach of fiduciary duty for all of the reasons Orange Coast is liable to ARC for breach of contract. Additionally, Orange Coast is liable to ARC for negligence and breach of fiduciary duty as a result of its failure to disclose and concealment from ARC of the following: (1) the existence of the First Choice Deed of Trust; (2) the Grant Deed; and

14

(3) Orange Coast's failure to fully pay BTC for the Assignment of Ground Lease." (Boldface, underscoring, and italics in original.)

Again, ARC's opposition restates the elements of a cause of action for breach of fiduciary duty and then conclusorily claims that Orange Coast is liable for such a breach. It does not identify any admissible evidence that would raise an issue of material fact sufficient to defeat a motion for summary judgment.

### 3. Negligent Misrepresentation

The SAC alleged Orange Coast was ARC's agent and fiduciary and breached its duty of care by negligently misrepresenting to ARC it could comply with ARC's "express and implied escrow instructions."

Orange Coast has met its burden to show that ARC could not demonstrate Orange Coast negligently misrepresented any facts. We agree that ARC failed to demonstrate any alleged misrepresentation of the facts and that this claim fails because it is derivative of ARC's meritless breach of contract claim. (*Schmidt*, *supra*, 28 Cal.App.5th at 1125.)

ARC's opposition argues: "The elements of a cause of action for negligent misrepresentation are: (1) a false statement of a material fact that the defendant honestly believes to be true but made without reasonable grounds for such belief; (2) made with the intent to induce reliance; (3) reasonable reliance on the statement; and (4) damages. [Citation.] [¶] Orange Coast contends that it did not intentionally conceal [and] fail to disclose to ARC (1) the existence of the First Choice Deed of Trust; (2) the Trust Deed; and (3) Orange Coast's failure to pay BTC for the Assignment of the Ground Lease."

Again, simply restating the elements of the cause of action and paraphrasing an *opponent's* reasons why the claim fails is clearly insufficient

15

to raise a triable issue of material fact sufficient to defeat Orange Coast's motion for summary judgment on ARC's claim for negligent misrepresentation. (*Spitzer*, *supra*, 80 Cal.App.4th at pp. 1385–1386.)

4.     Fraud and Deceit

The SAC alleged Orange Coast was ARC's agent and fiduciary and was therefore owed a duty not to suppress and conceal information it had related to ARC's loan to JVS. Orange Coast allegedly failed to disclose to and concealed from ARC the following: (1) the existence of the First Choice Bank Deed of Trust; (2) that Orange Coast recorded the Grant Deed without first notifying Artemis; and (3) that Orange Coast recorded an assignment of the leasehold interest without first ensuring that BTC was fully paid for sale of the lease.

Orange Coast met its burden to show ARC could not demonstrate a cause of action for fraud and deceit. We agree that ARC failed to demonstrate any alleged misrepresentation of the facts and that this claim fails because it is derivative of ARC's meritless breach of contract claim. (*Schmidt*, *supra*, 28 Cal.App.5th at 1125.)

ARC's opposition argues: "The elements of a fraud based on concealment are: '(1) the defendant . . . concealed or suppressed a material fact, (2) the defendant [had] a duty to disclose the fact to the plaintiff, (3) the defendant . . . intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff [was] unaware of the fact and would not have acted as he [or she] did if he [or she] had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff sustained damage.' [Citation.]

"Orange Coast, as a fiduciary, had a fiduciary duty to disclose all material information it obtained. [Citation.] Therefore, at a minimum,

16

Orange Coast is liable for fraudulent concealment for all of the reasons it is liable for breach of fiduciary duty. [Citation.]"

As with the other causes of action, ARC's opposition restated the elements of a cause of action for fraud and simply declared Orange Coast's actions constituted fraud. Without more, this cannot raise a triable issue of material fact sufficient to defeat Orange Coast's motion for summary judgment on ARC's claim for fraud. (*Spitzer*, *supra*, 80 Cal.App.4th at pp. 1385–1386.)

D.      *ARC Has Failed to Create a Triable Issue of Material Fact Regarding Any of Its Causes of Action*

ARC attempted to create a triable issue of material fact based upon whether Orange Coast was an escrow or sub-escrow. "An escrow holder is an agent and fiduciary of the parties to the escrow" (*Summit Financial Holdings, Ltd. v. Continental Lawyers Title Co.* (2002) 27 Cal.4th 705, 711), and it may be liable in tort if it breaches its duties. On the other hand, a sub-escrow only follows the sub-escrow instructions, and they owe duties only to the party that issued the sub-escrow instructions. (See *Markowitz, supra,* 142 Cal.App.4th at p. 528 [where the plaintiff was not a party to escrow instructions and had no contact with sub-escrow agent, sub-escrow agent owed no duty to the plaintiff].) However, as noted by Orange Coast, the trial court resolved this issue by finding that all of ARC's claims against Orange Coast failed, even assuming Orange Coast had greater duties as an escrow. Consequently, Orange Coast's status as an escrow or sub-escrow cannot be a triable issue of *material* fact where it has no effect on the outcome.

ARC's separate statement of disputed facts similarly fails to raise any triable issues of material fact. For example, Orange Coast's separate statement included the fact that the "First Choice Bank Deed of Trust

17

. . . was recorded against the Property's fee estate in November 2014," citing in support the attached First Choice Bank Deed of Trust. ARC claims this fact is disputed because Orange Coast "did not disclose this fact" to Artemis. However, whether Orange Coast disclosed the First Choice Bank Deed of Trust to Artemis is irrelevant to whether it in fact exists, as well as to the issue of whether Orange Coast owed any duty to disclose its existence. All of ARC's other "disputed" facts are similarly immaterial. Finally, ARC's sole source of evidence for its separate statement is the Portigal declaration, which as noted above, fails to provide any new facts beyond those raised in the SAC. Accordingly, the trial court properly granted Orange Coast's motion for summary judgment on all of ARC's causes of action.

## II.

### ORANGE COAST'S REQUEST FOR SANCTIONS ON APPEAL

Orange Coast requests $26,542.50 against ARC and/or its counsel, Gerard Fox Law, P.C., for filing an allegedly frivolous appeal. In support of its motion for sanctions, Orange Coast filed two declarations of counsel.[5] Although given the opportunity to file an opposition to the motion for sanctions, ARC's counsel failed to do so.[6]

Sanctions may be issued when an appeal "was frivolous or taken solely for delay." (§ 907; Cal. Rules of Court, rule 8.276(a)(1).) "To determine whether an appeal is frivolous, we apply both a subjective standard,

---

[5] At the conclusion of oral argument, we granted Orange Coast's request to submit a supplemental declaration of Jeremy T. Katz in support of its motion for sanctions.

[6] Three hours prior to oral argument, ARC's counsel filed a motion requesting a continuance. The request to continue was denied and ARC's counsel failed to appear for oral argument.

18

examining the motives of appellant and its counsel, and an objective standard, analyzing the merits of the appeal. [Citation.] A finding of frivolousness may be based on either standard by itself, but the two tests are ordinarily used together, with one sometimes providing evidence relevant to the other. [Citation.] [¶] 'Courts have struggled to apply . . . [Code of Civil Procedure] section 907. [Citation.] On the one hand, the statute should be used to compensate for a party's egregious behavior, and to deter abuse of the court system and the appellate process. [Citations.] On the other hand, sanctions should not be awarded simply because an appeal is without merit. Indiscriminate application of section 907 could deter attorneys from vigorously representing their clients and deter parties from pursuing legitimate appeals.' [Citation.] [¶] An appeal is considered objectively frivolous ""when any reasonable attorney would agree that the appeal is totally and completely without merit."""" (*Malek Media Group, LLC v. AXQG Corp.* (2020) 58 Cal.App.5th 817, 834.)

We cannot say on this record that the appeal is wholly without merit. However, even where an appeal is not frivolous, this court has authority under rule 8.276 to sanction a party who unreasonably violates the California Rules of Court. (See, e.g., *Bryan v. Bank of America* (2001) 86 Cal.App.4th 185, 194 ['"Even if an appeal is neither frivolous nor filed solely for delay, we have independent authority under [former] rule 26(a) of the California Rules of Court [now, rule 8.276] to sanction a party who "has been guilty of any . . . unreasonable infraction of the rules . . . as the circumstances of the case and the discouragement of like conduct in the future may require"'"]; *Jones v. Superior Court* (1994) 26 Cal.App.4th 92, 96 [same].)

19

Here, ARC's counsel's extensive reliance on unpublished opinions, inaccurate quotations from the cases cited, and failure to properly cite supporting evidence in the record justifies the imposition of sanctions. ARC's opening brief cites three unpublished cases, and its reply brief cites an additional three. Absent specific circumstances not applicable here, a party may not cite an unpublished opinion. (Cal. Rules of Court, rule 8.1115, subds. (a), (b)).

Additionally, the California Rules of Court require parties to "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Cal. Rules of Court, rule 8.204(a)(1)(C).) Multiple citations to the appellate record are improper. For example, although ARC repeatedly refers to a lis pendens allegedly recorded in this case, its record citations are to ARC's own opposition to Orange Coast's motion for summary judgment, which is clearly not evidence. Further, most if not all record citations in ARC's brief were to incorrect pages from the appellate record.

Courts have sanctioned attorneys for failing to support assertions of law with legal authority or for including improper material in appellate briefs, even where the appeal is not frivolous. (See, e.g., *Evans v. Centerstone Development Co.* (2005) 134 Cal.App.4th 151, 166 [imposing sanctions for filing appellate briefs that "are cornucopias of" violations of rules of appellate procedure]; *Alicia T. v. County of Los Angeles* (1990) 222 Cal.App.3d 869, 884–885 [sanctioning attorney for citing unpublished opinion and asserting facts not supported by the record]; *Noland v. Land of the Free, L.P.* (2025) 114 Cal.App.5th 426, 447–448 [awarding $10,000 in sanctions against counsel for citing legal authority fabricated by an artificial intelligence

20

chatbot].) Such sanctions are appropriate to enforce court rules and "to discourage similar conduct in the future." (*Evans*, at p. 168.)

Accordingly, we grant Orange Coast's motion for sanctions. We remand the matter to the trial court to determine: (1) whether sanctions should be awarded against ARC, its appellate counsel, or both; and (2) the appropriate amount of an award of sanctions to compensate Orange Coast for the attorney fees and other expenses it incurred on appeal, which award will deter ARC and/or its appellate counsel from violating the Rules of Court in the future. If the court imposes sanctions against ARC's appellate counsel in an amount in excess of $1,000, it shall notify the State Bar and counsel. (Bus. & Prof. Code, § 6086.7, subds (a)(3) & (b).)

## DISPOSITION

The judgment is affirmed. The motion for sanctions on appeal is granted, and the matter is remanded for further proceedings consistent with this opinion. Orange Coast is entitled to recover its costs on appeal.


BANCROFT, J.*

WE CONCUR:


DELANEY, ACTING P. J.


SCOTT, J.

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

21